[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 8, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-12509
Non-Argument Calendar

_____

D. C. Docket No. 02-21452-CV-JAL

KENZY LUCIEN,

Plaintiff-Appellant,

versus

US SECURITY INSURANCE
CORPORATION,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 8, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Kenzy Lucien appeals pro se the district court's grant of defendant US

Security's motion for judgment on his complaint alleging breach of contract under the National Flood Insurance Act ("NFIA"). The issue on appeal is whether the district court erred when it granted Security's motion, due to Lucien's undisputed failure to provide a sworn proof of loss within 60 days of the date the damage was incurred. Lucien contends that because US Security did not send an adjuster to his property for more than 90 days after he notified them of the flood, they are estopped from asserting that he waived any objections to settlement amounts because he failed to adhere to the policy's 60 day filing period.

In reviewing a district court's grant of a motion for judgment on partial findings pursuant to Fed.R.Civ.P. 52(c), we review the district court's legal conclusions de novo and its findings of fact for clear error. See Sanz v. US Sec. Ins. Co., 328 F.3d 1314, 1317 n.5 (11th Cir. 2003).

In Federal Crop Ins. Corp. v. Merrill, 332 US 380, 384-85, 68 S.Ct. 1, 92 L.Ed. 10 (1947), the Supreme Court held that an insured is required to unwaveringly adhere to the rules and regulations associated with a federal insurance policy. Id. Following the Supreme Court's mandate, several circuit courts interpreted an insured's failure to provide a proof of loss form within the required 60 days as a bar to recovery. See, e.g., Dawkins v. Witt, 318 F.3d 606 (4th Cir. 2003); Mancini v. Redland Ins. Co., 248 F.3d 729 (8th Cir. 2001); Flick v.

Liberty Mut. Fire Ins. Co., 205 F.3d 386 (9th Cir. 2000); Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998); Phelps v. Fed. Emergency Mgmt. Agency, 785 F.2d 13 (1st Cir. 1986). In Sanz, we followed the other circuits' conclusions, also holding that an insured's failure to adhere to the proof of loss requirement barred recovery. See Sanz, 382 F.3d at 1318.

In Sanz, the homeowner never filed a proof of loss with US Security, although he did consistently comply with the adjuster's and engineers' instructions to get an estimate for the amount of damage caused by the flood, which he forwarded to US Security. Id. at 1317. Sometime thereafter, US Security denied his claim. Id. In joining other circuits in holding that failure to file a proof of loss form in a timely fashion barred any type of recovery, we noted that it was undisputed that Sanz neither filed a proof of loss form at any time, nor did he submit a waiver from the Federal Insurance Administrator. Id. at 1319.

In response to Sanz's estoppel argument, we noted that while the Supreme Court has not yet announced a per se rule barring individuals from asserting estoppel claims against the United States government, it has concluded that such claims are "warranted only if affirmative and egregious misconduct by government agents exists." Id. at 1319-20. Viewing the facts of Sanz's case through the prism of "affirmative and egregious misconduct," we held that US Security's failure to

3

inform Sanz of the proof of loss requirement was an insufficient ground for estoppel, as were alleged assurances to Sanz "that he had filled out all the necessary paperwork and that Security would 'take care' of his claim." Id. at 1320.

Because the Supreme Court has unequivocally held that a failure to adhere to the terms of a federal insurance bars recovery, and because we have interpreted that holding to include filing a proof of loss form beyond the 60 days following a flood as such a failure, we conclude that the district court did not err in granting US Security's motion for judgment on partial findings. Moreover, the district court did not err in rejecting Lucien's estoppel claim, as none of the evidence showed any behavior on the part of US Security that was "aggravated and egregious." Accordingly, the district court's judgment is affirmed.

**AFFIRMED.**